IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANIQUE CARTER on behalf of herself and others similarly situated,<br>    Plaintiffs,<br><br>    v.<br><br>BLATT, HASENMILLER, LEIBSKER & MOORE, LLC.<br>    Defendant. | 1:11-cv-6595<br><br><br>JURY DEMANDED |

## COMPLAINT

## CLASS ACTION

1. Plaintiff Shanique Carter brings this action to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The defendant debt collection law firm plaintiff and the class repeatedly using an automatic voice dialing system and/or prerecorded voice message.

## JURISDICTION AND VENUE

3. The Court has federal question jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). There is also CAFA jurisdiction because at least one class member is a citizen of a state different than that of defendant, and the amount in controversy is more than $5,000,000.

4. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

5. Plaintiff is an individual who resides in this District.

6. Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC, is a debt collection law firm with offices at 125 S. Wacker Drive, Suite 400, Chicago, Illinois.

**FACTS**

7. Defendant, or some person on behalf of defendant, called plaintiff to collect an alleged consumer debt using a telephone dialing system (hereinafter the "dialer"), and telephone message that had been recorded ahead of time, at least once within the past four years.

8. Upon information and belief, the dialer defendant uses is capable of dialing people's telephone numbers without human intervention. Defendant also used its dialer to make calling campaigns, whereby no human being dialed the telephone numbers.

9. A recorded voice was used in some or all of the telephone calls to plaintiff that were dialed by its dialer.

10. BHLM obtained plaintiff's cellular telephone number from a source other than directly from plaintiff.

11. Upon information and belief, it was at some time within the four years prior to the filing of this complaint, defendant's practice to use a predictive dialer to call debtors.

12. For example, upon information and belief, more than 100 such calls were made to cell phones using defendant's dialer during 2009 alone.

13. Upon information and belief, it is, or was at one time, one or more defendant's policy to have a prerecorded voice leave voice mail messages for debtors.

14. Upon information and belief, more than 100 such voice mails were left on debtors' cell phones by defendant in 2009 alone.

# Count I - TCPA

15.     Plaintiff incorporates all previous paragraphs.

16.     Defendant violated the TCPA by calling plaintiff and others on their cell phones using an automatic telephone dialing system and/or prerecorded or automatic voice messages.

## Class Allegations

17.     Plaintiff brings Counts I on behalf of a class pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), which consists of:

> All natural persons whose cellular telephones have Illinois, Indiana or Wisconsin area codes, who defendant, or any party on behalf of defendant, called using an automatic telephone dialing system and/or used a prerecorded voice message, whose cellular telephone number BHLM obtained from some source other than from the debtor, where any call or message was made at any time on or after September 21, 2007.

18.     Upon information and belief, there are more than 500 persons who were called by BHLM using its dialer within four years of the filing of this action, where the recipient did not provide the phone number called to BHLM.  Upon information and belief, more than 50 of those calls were to cell phones.

19.     Upon information and belief, there are more than 500 persons for whom BHLM left a voice mail using a prerecorded or artificial voice message within four years of the filing of this action, where the recipient did not provide the phone number called called to BHLM.  Upon information and belief, more than 50 of those calls were to cell phones.

20.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

      a.      Whether defendant used an automatic telephone dialing system and/or an artificial or pre-recorded voice within the meaning of the TCPA with respect to telephone calls to plaintiff and the class members' cellular phones; and

      b.      Damages.

21. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

22. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

23. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

24. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class could create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

25. The identity of the class is likely readily identifiable from defendants' records.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

27. The defendant is likely to continue to violate the TCPA without an order enjoining it from doing so.

28. Plaintiff brings Count III on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(2), for injunctive relief. Plaintiff requests that the Court permanently enjoin defendant from making calls to class members' cell phones using its dialer, and enjoin defendant from making calls to cell phones using an artificial or prerecorded voice messages, unless it can demonstrate the prior express consent of the called party to receive such calls.

29. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

(a) Statutory damages of $500 per violation, and up to $1,500 per violation if found to be willful;

(b) A declaration that the defendant's conduct violated the TCPA as to the plaintiff and the class;

(c) An injunction prohibiting defendant from making such illegal calls to plaintiff and the class in the future;

(d) Costs of suit; and

(e) Any other relief the court deems proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

### JURY DEMAND

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, recordings, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party or client in association with any account, call, message or file associated with plaintiff or the putative class members. Plaintiff also demands that defendant take steps to ensure that any third parties involved in such preserve all such materials, too. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke